UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| JENNIFER McARTHUR,<br><br>   Plaintiff,<br><br>  v.<br><br>THE ROCK WOODFIRED PIZZA & SPIRITS, *et al.*,<br><br>   Defendants. | CASE NO. C14-0770 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR OVERLENGTH BRIEF |

  THIS MATTER comes before the Court on Plaintiff's Motion for Overlength Brief. Dkt. #93. By way of the motion, Plaintiff seeks to file a 47-page motions in limine brief, on the basis that her numerous evidentiary issues require an additional 29 pages of briefing over the limit set forth in Local Civil Rule 7(e)(5). *Id.* The Court DENIES this motion.

  First, the Court notes that much of Plaintiff's proposed Motions In Limine brief contains impermissible discovery-related requests which should have been filed by the discovery motions deadline of October 28, 2016. *See* Dkt. #93, Ex. 1. Plaintiff may not use Motions In Limine as a substitute for making discovery-related motions that should have been filed months ago.

  Second, Plaintiff has proposed an overlength brief that is not complete, suggesting to this Court that Plaintiff's actual brief may be even longer than the 47 pages requested. For example, nearly all citations to the record are missing from the proposed brief and there are no

ORDER
PAGE - 1

supporting facts or argument at all pertaining to the request to exclude testimony of Scott Wallis. *See* Dkt. #93, Ex. 1 at 11.

Third, many of the arguments made by Plaintiff in her proposed brief are more appropriately raised as specific objections during trial. For example, Plaintiff seeks to exclude numerous documents on the basis that they were not produced during discovery or constitute hearsay. *See*, *e.g.*, Dkt. #93, Ex. 1 at 15-18. Such objections may be handled during trial as documents are offered into admission, or at the pre-trial conference after the parties complete the proposed pre-trial Order that specifically includes a section noting objections to the admissibility of certain evidence.

The Court reminds Plaintiff that Motions In Limine are used for the purpose of requesting that the Court prohibit opposing counsel from referring to or offering evidence on matters that are so highly prejudicial to the moving party that later instructions cannot cure any prejudicial effect. They are not used to address typical objections to the gamut of evidence proposed by the opposing party. Nothing in Plaintiff's proposed brief convinces this Court that she requires more than 18 pages for properly presented motions in limine. Accordingly:

1. Plaintiff's Motion for Overlength Brief (Dkt. #93) is DENIED.
2. To the extent that Plaintiff asserts she will simply present "pocket briefs" on the issues she cannot brief in her motion, Plaintiff is hereby directed that she SHALL NOT file any such "pocket brief" unless and until the Court requests such briefing.

DATED this 24th day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2