UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER McARTHUR,

        Plaintiff,

v.

THE ROCK WOODFIRED PIZZA & SPIRITS, *et al.*,

        Defendants.

CASE NO. C14-0770 RSM

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS IN LIMINE

## I.    INTRODUCTION

This matter comes before the Court on Defendants' Motions In Limine. Dkt. #98. Plaintiff does not oppose several of Defendants' motions, but opposes others. Dkt. #100. For the reasons set forth herein, the Court now GRANTS IN PART AND DENIES IN PART Defendants' Motions In Limine.

## II.    LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). To resolve such motions, the Court is guided by Fed. R. Evid. 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and

ORDER
PAGE - 1

whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

#### A. Motions In Limine 1, 4, 5, 6, 8, 9

Defendants have proposed a number of standard Motions In Limine which Plaintiff does not oppose. Dkts. #98 at 2-5 and #100 at 1-2. Accordingly, the following Motions In Limine will be GRANTED:

1. Exclusion of Non-Party Witnesses from Courtroom

4. References to Cost of Litigation

5. References to Defendants' Financial Status or Ability to Pay a Judgment

6. Golden Rule Arguments

8. Written Experts' Curricula Vitae

9. Written Experts' Reports

#### B. Motions In Limine 2 and 3

Defendants have proposed a number of additional standard Motions In Limine, to which Plaintiff has objected on the basis that they are "not appropriate motions in limine." Dkts. #98 at 2 and 6. The Court has reviewed Motions In Limine 2 (references to offers to settle or compromise) and 3 (references to insurance), and finds that these motions are appropriate and have a valid legal basis. Accordingly the Court will GRANT those motions.

#### C. Motion In Limine 7

Defendant asks the Court to exclude the offering of any evidence, the making of any comments or arguments, or the asking of any questions relating to sending a message, punishing, or deterring the Defendants. Dkt. #98 at 4. Plaintiff responds that she is seeking punitive damages in this lawsuit, and therefore argument related to such damages is proper. Dkt. #100 at 2.

The Ninth Circuit has not yet settled the availability of punitive damages in cases asserted under the FLSA. *See Lambert v. Ackerley*, 180 F.3d 997, 1011 (9th Cir. 1999) ("[W]e do not reach the question because the defendants have waived the issue of the availability of punitive damages by failing to raise it below."). Only two circuits have addressed the availability of punitive damages and those circuits are split. *See Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933-34 (11th Cir. 2000) (holding that punitive damages are not available under the FLSA); *Travis v. Gary Comm. Mental Health Ctr., Inc.*, 921 F.2d 108, 112 (7th Cir. 1990) (holding that punitive damages are available under the FLSA). District Courts in the Ninth Circuit have likewise split on the availability of punitive damages. *See, e.g., Campbell-Thomson v. Cox Communs.*, No. CV-08-1656-PHX-GMS, 2010 U.S. Dist. LEXIS 43977, 2010 WL 1814844, at *10-11 (D. Ariz. May 5, 2010) (punitive damages available); *Tumulty v. FedEx Ground Package Sys., Inc.*, No. C04-1425P, 2005 U.S. Dist. LEXIS 25997, 2005 WL 1979104, at *10-11 (W.D. Wash. Aug. 16, 2005) (Pechman, J.) (punitive damages unavailable). Given the absence of authority in the Ninth Circuit on this issue, the Court will DENY Defendants' Motion In Limine to the extent that it seeks to limit Plaintiff to asking for compensatory damages only, unless or until the Court determines that such damages are not available.

**D. Motion In Limine 10**

ORDER
PAGE - 3

Defendants next seek an Order excluding lay witness opinion testimony except as provided by Federal Rule of Evidence 701. Dkt. #98 at 5. Specifically, Defendants seek to preclude Plaintiff from testifying that she had to stop breastfeeding when her child was 11 months old due to a lack of milk production that resulted from Defendants alleged failure to provide her with breaks for pumping. Dkt. #98 at 5. Defendants argue that such testimony is not supported by credible, contemporaneous medical testimony, and can only be provided by a qualified expert in the field. *Id.* Plaintiff argues that her opinion is relevant to her alleged emotional distress, and that she can testify as to her own decrease in milk, and her own beliefs as to why her milk production decreased. Dkt. #100 at 2-3.

The Court agrees with Plaintiff. At this point in time, it does not appear that she seeks to testify to improper expert opinions as to the reasons for her decrease in milk production. Any objections to specific testimony may be raised at the time of such testimony at trial. Further, Defendants may cross-examine Plaintiff as to any medical evidence she may have (or not have) supporting her beliefs. Accordingly, the Court DENIES Defendants' Motion In Limine.

**E. Motion In Limine 11**

Defendants request 24-hour notice of each witness and exhibit to be called or used at trial. Dkt. #98 at 5. Plaintiff does not agree to provide prior notice of any exhibits she intends to introduce, and only agrees to disclose next day witnesses within one hour after court has adjourned or by 1:00 p.m. on the next business day, whichever is later. Dkt. #100 at 3.

With respect to witnesses, the Court notes that regardless of what the parties request, the Court requires 24 hour notice of witnesses to be called, and will typically ask the parties to identify next day witnesses prior to convening court each day. Accordingly, the Court

GRANTS that part of Defendants' motion in limine and expects all parties to be prepared to tell the Court and each other which next day witnesses will be presented.

With respect to exhibits, the Court will not require any party to provide notice of exhibits they expect to present, as those decisions are often made during trial based on testimony of the witnesses. Further, the parties have already identified exhibits they plan to use in their proposed Pretrial Order, and no party is required to disclose exhibits used for impeachment purposes only prior to using such exhibits. Accordingly, that portion of Defendants' motion is DENIED.

### F. Motion In Limine 12

Defendants next seek an Order precluding Plaintiff from testifying that other people told her they were asked to work off the clock without pay and that they were compensated in other ways. Dkt. #98 at 6. Defendants assert that Plaintiff has no personal knowledge of such requests, and that such unsupported testimony would be too prejudicial to Defendants. *Id.* Plaintiff responds that she has personal knowledge of what she was told. Dkt. #100 at 3.

The Court DENIES Defendants' motion as premature, and on the basis that the more appropriate objection may be grounded in hearsay. Until such testimony arises, and the Court can evaluate the context in which such testimony is offered, the Court cannot grant any motion to exclude such testimony.

### G. Motion In Limine 13

Defendants seek an Order prohibiting any counsel from expressing personal opinions regarding the validity of their clients' contentions and testimony or other witnesses' contentions and testimony. Dkt. #98 at 6. Plaintiff opposes this motion on the basis that it is really a motion for summary judgment made under the guise of a motion in limine. Dkt. #100 at 3-4.

The Court DENIES Defendants' motion as premature. Until such situation arises, and the Court can evaluate the context in which any comments or argument are made, the Court cannot grant such a motion.

### H. Motion In Limine 14

Defendants next move to require Plaintiff to provide supplemental information about the damages she plans to request. Dkt. #98 at 6-7. Although brought as a Motion In Limine, the Court notes that Defendants have not actually asked the Court to preclude any specific evidence, and instead simply complain that Plaintiff has failed to provide adequate damages calculations. *Id.* This is not a proper Motion In Limine. Therefore, the Court DENIES the motion.

### I. Motion In Limine 15

Defendants seek an Order precluding Plaintiff's economic expert from testifying as to his opinions on restaurant profitability and labor costs on the basis that such opinions are irrelevant and misleading. Dkt. #98 at 7-8. Defendants also move to preclude Plaintiff's economic expert from testifying to any opinions beyond those disclosed in his written report(s). *Id.* Plaintiff argues that the opinions offered by her expert are relevant, and that Defendants have not claimed her expert is not qualified. Dkt. #100 at 13-14.

The Court is not convinced at this time that Plaintiff's expert economist's opinions are irrelevant or misleading. Further, the Court finds Defendants' motion to be premature. Until Plaintiff's expert economist is offered to testify, and the Court can evaluate the context in which any such testimony is offered, as well as other evidence presented at that point in time, the Court cannot grant such a motion. Accordingly, Defendants' motion is DENIED.

### J. Motion In Limine 16

Defendants next move to exclude witnesses for which Plaintiff has failed to provide contact information prior to the presentation of the Pretrial Order. Dkt. #98 at 8-9. Plaintiff asks the Court to apply a "principled approach" to the exclusion of witnesses. Dkt. #100 at 14. No party identifies any specific witnesses, or presents any evidence that there are witnesses who will be presented that either party was unable to contact. Accordingly, this motion is DENIED. Any issues involving specific witnesses can be more fully addressed during the parties' pretrial conference with the Court.

**K. Motion In Limine 17**

Finally, Defendants move to exclude Plaintiff's proposed lactation specialist Cynthia Good Mojab. Dkt. #98 at 9-18. For a number of reasons, Defendants argue that her opinions are inadmissible, including that she is not qualified to provide certain opinions, some of her opinions are unfairly prejudicial, and they are not based on reliable methodology. *Id.* Plaintiff responds that her expert's opinions are both reliable and relevant. Dkts. #100 at 14-15 and #106.

The Court has reviewed Defendants' motion and Plaintiff's opposition thereto, along with the expert report provided by Ms. Mojab and Ms. Mojab's Declaration in opposition to Defendants' motion. Dkts. #98, #99, Ex. 5, #100 and #106. Having conducted this review, the Court agrees with Defendants, for the reasons stated in their motion, that Ms. Mojab is not qualified to provide medical opinions regarding alleged physical harms suffered by Plaintiff, and that none of her opinions with respect to alleged physical and psychological harms to Plaintiff and her child are reliable, particularly given that she did not review Plaintiff's medical records. In addition, the Court agrees that Ms. Mojab's general opinions about what harms could be suffered by a mother who could not express milk or a child who could not receive

expressed milk, are irrelevant and/or more prejudicial than probative. Finally, the Court notes that Ms. Mojab has never testified as an expert witness either in deposition or at trial in any court prior to this case. Accordingly, the Court GRANTS Defendants' motion and EXCLUDES Ms. Mojab as an expert witness in this matter.

## IV. CONCLUSION

Having reviewed Defendants' motions in limine, the opposition thereto, and the remainder of the record, the Court hereby ORDERS that Defendants' motions (Dkt. #98) are GRANTED IN PART AND DENIED IN PART as set forth above. Counsel shall inform the parties and their witnesses of the Courts rulings on these matters, and everyone shall abide by them when presenting evidence and testimony during trial.

DATED this 14th day of April 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE