UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER McARTHUR,

    Plaintiff,

v.

THE ROCK WOODFIRED PIZZA &
SPIRITS, *et al.*,

    Defendants.

CASE NO. C14-0770 RSM

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTIONS IN LIMINE

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motions In Limine. Dkt. #95. Defendants oppose Plaintiff's motions. Dkt. #104. For the reasons set forth herein, the Court now DENIES Plaintiff's Motions In Limine in their entirety.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). To resolve such motions, the Court is guided by Fed. R. Evid. 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may exclude relevant evidence if "its probative value is substantially outweighed by a

ORDER
PAGE - 1

danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. DISCUSSION

#### A. Motions In Limine 1

Plaintiff first moves to exclude the testimony of Melanie Fraser on the basis that Defendants unduly delayed the disclosure of her contact information in Florida, which resulted in her inability to depose her. Dkt. #95 at 1-6. Defendants refute Plaintiff's inability to depose Ms. Fraser, and assert that any delay in the disclosure of her personal contact information was harmless. Dkt. #104 at 1-5. Having reviewed the record in this matter, the Court agrees with Defendants and DENIES Plaintiff's motion to exclude Ms. Fraser's testimony.

#### B. Motions In Limine 2

Plaintiff next moves to exclude the testimony of Shannon Kimball on the basis that Defendants unduly delayed the disclosure of her contact information. Dkt. #95 at 6. While Defendants respond that they did disclose the address for Mr. Kimball, they also state that they do not intend to call him as a witness. Dkt. #104 at 5. Accordingly, this motion is DENIED as MOOT.

#### C. Motion In Limine 3

Plaintiff moves to exclude evidence and argument about why Plaintiff left her former employment with Virginia Mason. Dkt. #95 at 6-9. Plaintiff argues that the reasons for her resignation from that job in lieu of termination, after being accused of falsifying or misrepresenting time records, is inadmissible, irrelevant and prejudicial. *Id.* Defendants respond that such evidence and testimony is both relevant and admissible on several bases.

Dkt. #104 at 5-11. Having reviewed the record in this matter, the Court agrees with Defendants. Accordingly, Plaintiff's motion is DENIED.

### D. Motions In Limine 4 and 5

Plaintiff next moves to exclude evidence and argument that any Wedge Corporation employee other than Ms. McArthur (including Kyla Hopkins) took breast-pumping breaks while working for the Wedge Corporation. Dkt. #95 at 10-11. Plaintiff appears to make this motion on the basis that Ms. Hopkins was never identified as a person who took breast-pumping breaks, nor were any other employees. *Id.* Defendant responds that there is no basis to exclude this testimony or Ms. Hopkins. Dkt. #104 at 11-12. The Court agrees. Plaintiff actually deposed Ms. Hopkins, and there does not appear to be any other employee offered to testify on this subject. Accordingly, the Court DENIES Plaintiff's motion.

### E. Motions In Limine 6 and 7

Plaintiff moves for an Order precluding Defendants from offering any evidence or argument that Plaintiff's termination was justified for any reason other than cash mishandling. Plaintiff's termination letter included the following reasons for her termination: (1) lack of teamwork, (2) wasting time, (3) lowering morale/teamwork, (4) a pattern of excessive voids, and (5) a pattern of excessive comps. However, Plaintiff asserts that The Wedge Corporation now only relies on the cash mishandling to support her termination. Dkt. #95 at 11. At the same time, Plaintiff seeks permission to provide evidence and argument that her termination was based on all of the aforementioned reasons without opening the door for Defendant to argue those reasons were justified. Dkt. #95 at 11-12. Defendants respond that the restrictions requested by Plaintiff are not appropriate. Dkt. #104 at 12. The Court agrees. Plaintiff's motions will be DENIED.

ORDER
PAGE - 3

### F. Motions In Limine 8-16

In her Motions In Limine 8-16, Plaintiff asks the Court to preclude Defendants from presenting numerous pieces of evidence and argument based on the after-acquired evidence doctrine. Dkt. #95 at 12-18. Defendants respond that they are not invoking the after-acquired evidence doctrine to limit Plaintiff's damages in this case. Dkt, #104 at 12-17. In addition, Defendants note that the evidence of which Plaintiff complains is simply evidence supporting the stated reasons for Plaintiff's termination. *Id.* Having reviewed the record in this matter, the Court agrees with Defendants. Accordingly, Plaintiff's motions are DENIED.

### IV. CONCLUSION

Having reviewed Defendants' motions in limine, the opposition thereto, and the remainder of the record, the Court hereby ORDERS that Plaintiff's motions (Dkt. #95) are DENIED as set forth above.

DATED this 14th day of April, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE