UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER McARTHUR,

    Plaintiff,

v.

THE ROCK WOODFIRED PIZZA & SPIRITS, *et al.*,

    Defendants.

CASE NO. C14-0770RSM

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. #112. Plaintiff asks the Court to reconsider its prior ruling on her Motions In Limine 8-16, on the basis that the Court committed manifest error. *Id.* In the subject motions in limine, Plaintiff asked the Court to preclude Defendants from presenting numerous pieces of evidence and argument based on the after-acquired evidence doctrine. Dkt. #95 at 12-18. The Court denied the motions, noting that Defendants are not invoking the after-acquired evidence doctrine to limit Plaintiff's damages in this case. Dkt. #111. Plaintiff now argues that the Court ignored controlling law, because it is she that relies on the first part of the after-acquired evidence doctrine to preclude certain evidence. Dkt. #112.

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

ORDER
PAGE - 1

reasonable diligence." LCR 7(h)(1). In this case, the Court is not persuaded that it committed manifest error in its ruling. Plaintiff appears to misconstrue the after-acquired evidence doctrine and its purpose in litigation. The after-acquired evidence doctrine is an affirmative defense to an employment discrimination claim. It permits an employer to avoid some liability by showing that it would have terminated an employee for wrongdoing discovered after a wrongful termination, had the employer known of the wrongdoing prior to the wrongful termination. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 360-62, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995); *Schnidrig v. Columbia Mach., Inc.*, 80 F3d 1406, 1412 (9th Cir1996), *cert denied*, 519 U.S. 927, 117 S. Ct. 295, 136 L. Ed. 2d 214 (1996); *O'Day v. McDonnell Douglas Helicopter Company*, 79 F3d 756, 759 (9th Cir1996). To establish this defense, defendant must (1) present after-acquired evidence of an employee's misconduct; and (2) prove by a preponderance of the evidence that it would have fired the employee for that misconduct. *O'Day*, 79 F3d at 759. If defendant prevails on this defense, plaintiff may be precluded from seeking certain remedies. *McKennon*, 513 U.S. at 361-62.

Again, Defendants are not relying on this affirmative defense. Plaintiff seems to acknowledge that fact, but complains that for three years Defendants asserted that the basis of Plaintiff's termination was a "thorough audit" of transactions that allegedly revealed misconduct, but has since presented testimony that they relied on other documents as the basis of the termination. Dkt. #112 at 2-3. Such testimony, as described by Plaintiff, does not implicate the after-acquired evidence doctrine. Defendants may now be asserting that they relied on other documents to support the termination, but that is not the same as attempting to introduce other bases for termination other than what she was accused of. Plaintiff may use what she believes is

ORDER
PAGE - 2

contradictory testimony for impeachment purposes if she desires, but it does not provide a basis to exclude the evidence under the after-acquired evidence doctrine.

Accordingly, the Court hereby ORDERS that Plaintiff's Motion for Reconsideration (Dkt. #112) is DENIED.

DATED this 17th day of April, 2017.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE